Court of Common Pleas for Williams County.

STATE OF OHIO, EX REL. BLAIR, SUPERINTENDENT OF BANKS,
v. DANIEL AUGUSTINE ET AL.*

Decided, November 29, 1927.

*Edward C. Turner*, attorney general, *L. F. Laylin* and *Robert P. Hayes*, for plaintiff.

*Tellis T. Shaw*, *Richard H. Sutphen* and *Augustus L. Gebhard*, for defendants.

NEWCOMER, J.   (On Motion to Direct Verdict.)

This action is brought by the State Superintendent of Banks against the stockholders of the State Exchange Bank of Stryker, Ohio, to recover the double liability. The State Exchange Bank of Stryker is in process of liquidation by the State Superintendent of Banks. The assets are not sufficient to pay the depositors without recovering the double stock liability; there will not be sufficient to pay the depositors when the double stock liability is paid in full.

There being no controversy as to the ownership of the stock and it being necessary to recover the double stock liability to pay the depositors, the question is raised by the answer of the defendants who have deposits in the bank as to whether or not the deposits which they have

---

* This case was taken by petition in error to the Court of Appeals, under the caption of *State, ex rel. Blair*, v. *Calvin Buehrer;* the Court of Appeals affirmed the judgment of the Court of Common Pleas April 16, 1928, on the authority of *Niles* v. *Olszak*, 87 O. S., 229. A motion to certify the record to the Supreme Court was overruled by the Supreme Court, June 27, 1928. An application for re-hearing on the motion to certify was refused by the Supreme Court.

should be set off against the double stock liability sought to be recovered in this action.

As to the right to a set off of this kind there is a conflict in the decisions. The Ohio statute relating to set offs, Section 11321, G. C., provides: "When cross-demands have existed between persons of such circumstances that if one had brought an action against the other a counter-claim or set-off could have been set up, neither can be deprived of the benefit thereof by assignment by the other, or by his death. The two demands must be deemed compensated so far as they equal each other."

The cases holding that a stockholder has no right to set off his deposits against his double stock liability are collected in Section 5839 of the third edition of Thompson on Corporations. In Section 5840 are collected the cases holding the opposite view that a stockholder has a right, after the insolvency of the bank, to set off his deposits in the bank against his double stock liability.

The persons owing notes to this bank are entitled to set off the deposits which they have in the bank against the amount they owe on the notes. They are not required to pay the note in full and take their *pro rata* share of the assets. The amount owing on the double stock liability is used for the same purpose as the amount owing on a note. By allowing the set off on the note the depositors' funds are depleted the same as by allowing the set off of the amount owing on the double stock liability.

If those who owe the bank on notes are not required to pay in full and take their *pro rata* share of the assets why, should those who owe the bank on stock be required to pay in full and take their *pro rata* share of the assets.

The question raised in this case has not been decided by the Supreme Court of Ohio. A case somewhat similar to this is the case of *Niles* v. *Olszak*, 87 O. S., 229. A dictum in that opinion in substance holds that the defendants are entitled to the set off in this case. The words of the Ohio statute: "The two demands must be deemed compensated as far as they equal other" controls this case. The double stock liability is a demand which is compensated by the deposit in the bank.

.The court finds that each of the defendants is entitled to the set off as claimed. A verdict is directed for the plaintiff against the defendants who have no set-off 'for the amount prayed for; for those who have a set-off less then the double stock liability a verdict is directed in favor of the plaintiff for the difference between the double stock liability and the set-off; for the defendants whose deposits equal the double stock liability a verdict is directed in favor of the defendant "no cause of action;" for the defendants whose deposits exceed the double stock liability a verdict is directed against the plaintiff in favor of said defendants for the difference between the deposit and the double stock liability.